# EXHIBIT A

Katherine J. Odenbreit (SBN: 184619)
kodenbreit@mahoney-law.net
Alexander Perez (SBN: 304675)
aperez@mahoney-law.net
**MAHONEY LAW GROUP, APC**
249 E. Ocean Blvd., Ste. 814
Long Beach, CA 90802
Telephone: (562) 590-5550
Facsimile: (562) 590-8400

Attorneys for Plaintiff LORENZO RIVERA, as an individual and on behalf of all similarly situated employees,

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 2 4 2019

Sherri R. Carter, Executive Officer/Clerk of Court
By: Steven Drew, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| LORENZO RIVERA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARRIOTT INTERNATIONAL, INC.;<br>and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No.: **19STCV14330**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Violation of Labor Code §§ 204, 510, 1182.12, 1194, 1197 (Recovery of Unpaid Wages);<br>2. Violation of Labor Code §§ 226.7, 512 (Meal Period Violations);<br>3. Violation of Labor Code §§ 226.7 (Rest Period Violations);<br>4. Violation of Labor Code §§ 201, 202, 203 (Failure to Pay Wages Due at Separation of Employment);<br>5. Violation of Labor Code §§ 226 subd.s (a) and (e), 1174 (Failure to Issue Accurate Itemized Wage Statements and Maintain Records);<br>6. Violation of Labor Code §§ 2800, 2802 (Failure to Indemnify for Expenditures or Losses in Discharge of Duties); and<br>7. Violation of Bus. & Prof. Code §§ 17200 *et seq.* (Unfair Business Practices).<br><br>**DEMAND FOR JURY TRIAL** |

-1-

018

Plaintiff LORENZO RIVERA ("Plaintiff"), individually and on behalf of all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1. This is a class action brought on behalf of Plaintiff and all others similarly situated, and the class he seeks to represent ("Plaintiff Class" or "Class Members"). Plaintiff Class consists of all non-exempt employees, including, but not limited to, dishwashers, cooks, runners, bartenders, servers, cashiers, other food and beverage staff, housekeeping staff, front desk staff, maintenance staff, and guest service representatives currently and/or formerly employed by Defendants MARRIOTT INTERNATIONAL, INC., a Delaware corporation; and DOES 1 through 50, inclusive (collectively, "Defendants") during the Class Period. The term "Class Period" is defined as four (4) years prior to the filing of this complaint through the date of certification. Plaintiff reserves the right to amend this complaint to reflect a different "Class Period" as further discovery is conducted.

2. Plaintiff, individually and on behalf of Plaintiff Class, seeks relief against Defendants for the failure to provide meal and rest periods or compensation in lieu thereof pursuant to Labor Code sections 226.7 and 512, and sections 11 and 12 of the applicable IWC Wage Order; the failure to pay all wages due in violation of Labor Code sections 510, 1194, and 1197, including minimum, regular, and overtime wages; the failure to pay wages due during employment in violation of Labor Code section 204; the failure to pay wages due at separation of employment pursuant to Labor Code sections 201, 202, and 203; the failure to provide accurate itemized wage statements upon payment of wages pursuant to Labor Code sections 226, subdivision (a), 1174, 1175, and the applicable IWC Wage Order; and the failure to indemnify for expenditures or losses in discharge of duties pursuant to Labor Code sections 2800 and 2802. Plaintiff further seeks equitable remedies in the form of declaratory relief and injunctive relief, and relief under the Bus. & Prof. Code sections 17200 *et seq.* for unfair business practices.

3. At all relevant times herein, Defendants have consistently maintained and enforced against Plaintiff Class the unlawful practices and policies set forth herein.

/ / /

## JURISDICTION AND VENUE

4:     This Court is an appropriate venue for this action under Code of Civil Procedure sections 395 and 395.5 because the acts that give rise to the causes of action alleged herein occurred in the County of Los Angeles, State of California. Plaintiff hereby designates the County of Los Angeles, State of California as the place of proper venue.

5.     This court has personal jurisdiction over Defendants because Defendants reside in, have their main place of business in, and/or conduct business in the State of California, and a substantial portion of the acts, omissions, events, and transactions constituting the causes of action alleged herein occurred within the State of California, and more specifically, in the County of Los Angeles. (Code Civ. Pro. § 410.10.)

6.     This Court has subject matter jurisdiction over the causes of action alleged in this complaint because the court is a court of general subject matter jurisdiction and is not otherwise excluded from exercising subject matter jurisdiction over said causes of action.

## THE PARTIES

### The Plaintiff

7.     Plaintiff LORENZO RIVERA, at various relevant times herein, was employed by Defendant between approximately August of 2017 and October of 2018, and is entitled to compensation for all hours worked, overtime compensation, premium pay, business expense reimbursements, and penalties from Defendant. Plaintiff was employed by Defendant within the period of four (4) years prior to the commencement of this action, in the County of Los Angeles, State of California. Plaintiff was employed by Defendant during the Class Period in a non-exempt hourly position.

8.     The named Plaintiff in this action was employed by Defendant as a dishwasher at Defendant Marina Del Rey hotel location.

9.     The Plaintiff Class consists of identifiable, current, and/or former similarly situated persons who were employed by Defendant in California during the Class Period.

/ / /

/ / /

020

**The Defendants**

10.    Plaintiff is informed and believes, and based thereon alleges, that Defendant MARRIOTT INTERNATIONAL, INC. ("Defendant" or "Marriott") is a Delaware corporation with its principal office located in Bethesda, Maryland. Marriott operates over 400 hotels and resorts throughout California.

11.    Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged of Defendants sued herein as DOES 1 through 50, inclusive, but on information and belief alleges that said Defendants are legally responsible for the violations alleged herein. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

12.    Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants operate as a joint venture and/or single business enterprise, integrated enterprise and/or are agents of one another, are alter egos, joint employers and conspire with one another to increase profits by engaging in the conduct described in this complaint.

13.    Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects as the agent, servant, partner, joint venture, alter-ego, employee, proxy, managing agent, and/or principal of the co-Defendants, and in performing the actions mentioned below was acting, at least in part, within the course and scope of that authority as such agent, proxy, servant, partner, joint venture, employee, alter-ego, managing agent, and/or principal with the permission and consent of the co-Defendants. Plaintiff also alleges the acts of each Defendant are legally attributable to the other Defendants.

**FACTUAL ALLEGATIONS**

14.    This class action lawsuit arises out of an ongoing wrongful scheme by Defendant to deny their employees the benefits due under California's wage and hour laws for work performed in California. Defendant wrongfully refused to pay Plaintiff and Plaintiff Class

-4-

1   minimum wages, overtime compensation, business expense reimbursements and other statutory

2   benefits mandated by California law.

3        15.    Defendant operate over 400 hotels and resorts throughout California. Plaintiff and

4   Class Members were employed by Defendant as dishwashers, cooks, runners, bartenders, servers,

5   cashiers, other food and beverage staff, housekeeping staff, front desk staff, maintenance staff

6   and guest service representatives during the Class Period.

7        16.    Defendant maintained a uniform practice of failing to pay Plaintiff and Class

8   Members all minimum and overtime wages for all hours worked. Specifically, Plaintiff and Class

9   Members regularly performed off-the-clock work due to Defendant's practice of requiring

10   Plaintiff and Class Members to put on their uniforms at the work location before clocking in for

11   their shifts, and take off their uniforms at the work location after clocking out for their shifts.

12   Therefore, Defendant failed to pay Plaintiff and Class Members the required minimum wages and

13   overtime compensation in violation of the Labor Code and the IWC Wage Orders.

14        17.    Defendant also failed to properly calculate the regular rate of pay for all overtime

15   wages earned by Plaintiff and Class Members. Defendant paid a shift-differential to Plaintiff and

16   Class Members who worked certain shifts. Defendant failed to include in the calculation of

17   overtime pay this shift differential pay. Additionally, when Plaintiff and Class Members worked

18   for more than one regular hourly rate of pay and overtime in the same work week, Defendant

19   failed to utilize the weighted average method for determining the regular rate of pay for purposes

20   of overtime, resulting in a failure to pay all overtime wages due.

21        18.    Defendant did not provide Plaintiff and Class Members with off-duty,

22   uninterrupted 30-minute meal periods, although they frequently worked over five hours per

23   workday. Plaintiff and Class Members were unable to take off-duty, uninterrupted meal periods

24   due to Defendant's practices of requiring Plaintiff and Class Members to remain on the premises

25   during their meal periods, and failing to provide adequate coverage by understaffing its facilities,

26   in violation of the Labor Code and the IWC Wage Orders. Further, Defendant did not provide

27   Plaintiff and Class Members with a second meal period, although they frequently worked over

28   ten hours per workday. Plaintiff and Class Members were unable to take off-duty, uninterrupted

second meal periods due to the same practices which prevented Plaintiff and Class Members from receiving compliant first meal periods, in violation of the Labor Code and the IWC Wage Orders. Defendant failed to implement and/or maintain a policy to provide premium pay for meal periods that were cut short, for which Plaintiff and Class Members were not relieved of all duties or that were not provided within the first five hours of work.

19.    Defendant also failed to permit compliant rest periods. Specifically, Plaintiff and Class Members were frequently unable to take 10-minute rest periods, due to Defendant's practices of failing to provide adequate coverage by understaffing its facilities, and actively discouraging Plaintiff and Class Members from taking any breaks, in violation of the Labor Code and the IWC Wage Orders. Further, Defendant failed to implement and/or maintain a policy to provide premium pay for rest breaks even though they were not made available to Plaintiff and Class Members.

20.    Defendant further failed to reimburse Plaintiff and Class Members for business expenses. For example, Defendants required Plaintiff and Class Members to use their personal cellular phones to communicate with Defendants' supervisors, but Defendants did not reimburse them for a reasonable percentage of their cellular phone bills. Further, Defendants required Plaintiff and Class Members to wear uniforms, including shirts and hats bearing Marriott's logo, and matching pants, but failed to reimburse them for the costs of maintaining the uniforms, including but not limited to, cleaning costs, in violation of the Labor Code and the IWC Wage Orders.

## CLASS ALLEGATIONS

21.    Plaintiff brings this action on behalf of himself and all other similarly situated persons, as a class action pursuant to Code of Civil Procedure section 382.

22.    Plaintiff's proposed class consists of and is defined as follows: All non-exempt dishwashers, cooks, runners, bartenders, servers, cashiers, other food and beverage staff, housekeeping staff, front desk staff, maintenance staff and guest service representatives who worked for Defendant in a California location at any time during the period from four years prior to the filing of this complaint until the date of judgment ("Class Period").

-6-

23.    Plaintiff reserves the right under California Rules of Court, rule 3.765, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

24.    This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and because the proposed class is easily ascertained by Defendants' personnel and payroll records.

25.    <u>Numerosity:</u>    The potential members of the class as defined are so numerous that joinder of all class members is impracticable. While the precise number of the Plaintiff Class is unknown, Plaintiff is informed and believes that Defendants have employed more than 100 class members during the Class Period.

26.    <u>Commonality:</u> There are common questions of law and fact arising out of Defendant's conduct as described herein, including but not limited to:

    a.    Whether Defendants failed to pay all wages, including minimum and overtime wages, earned and due to Plaintiff and Class Members;

    b.    Whether Defendants required Plaintiff and Class Members to perform work off-the-clock;

    c.    Whether Defendants failed to properly calculate and pay all overtime wages due;

    d.    Whether Defendants failed and continue to fail to provide compliant meal periods to Plaintiff and Class Members;

    e.    Whether Defendants failed and continue to fail to authorize and permit Plaintiff and Class Members to take rest periods;

    f.    Whether Defendants failed to furnish to Plaintiff and Class Members accurate, itemized wage statements containing all information required by Labor Code §226(a);

    g.    Whether Defendants were required to reimburse Plaintiff and Class Members for the cost of maintaining their uniforms, and a reasonable percentage of

-7-

Plaintiff and Class Members' cellular phone bills;

h. Whether Defendants failed to pay all unpaid wages earned during the course of Plaintiff and Class Members' employment, and upon separation of employment; and

i. Whether Defendants engaged in unfair/unlawful business practices.

27.    Typicality:    The claims of the Plaintiff are typical of the claims for the Plaintiff Class, all of whom have incurred and/or will incur damages, as a result of Defendants' common course of conduct and common policies and practices. The claims of Plaintiff are typical because Defendants subjected all of their non-exempt dishwasher, cook, runner, bartender, server, cashier, other food and beverage staff, housekeeping, front desk, maintenance and guest service representative employees to the identical violations of the California Industrial Welfare Commission Wage Orders, California Code of Regulations, the California Labor Code and the California Business & Professions Code among other statutes.

28.    Adequacy of Representation: Plaintiff will fairly and adequately represent and protect the interests of the Plaintiff Class. Plaintiff's interests are not in conflict with those of the Plaintiff Class. Plaintiff's attorneys are competent, well-versed and experienced in litigating large employment class actions and other complex litigation matters.

29.    Superiority of Class Action:    Under the facts and circumstances set forth above, a class action is superior to any other methods available for both the fair and efficient adjudication of the rights of each class member inasmuch as joinder of individual relatively small claims of Class Members is not practical and if each employee were required to file an individual lawsuit, the corporate defendant would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff. Requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by employees fearful of retaliation and permanent damage to their careers at present and/or subsequent employment. Further, the substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual Class Members against Defendants herein further support class certification.

-8-

CLASS ACTION COMPLAINT

## ADMINISTRATIVE PREREQUISITES

30.    By this complaint, Plaintiff brings this case as a representative action seeking penalties for the State of California in a representative capacity, as provided by the Private Attorneys General Act ("PAGA"), Labor Code section 2698 et seq., to the extent permitted by law, as an aggrieved employee who was employed by Defendant and subject to alleged violations set forth in Labor Code section 2699.5. Plaintiff specifically alleged the following in his/her notice to the Labor Workforce Development Agency ("LWDA") and the employer: Labor Code sections 201, 202, 203, 204, 226, 226.7, 510, 512, 558, 1174, 1174.5, 1194, 1197, 1197.1, 2800 and 2802

31.    Under Labor Code section 2699.3, division (a), a plaintiff may bring a cause of action under PAGA only after giving the Labor Workforce Development Agency ("LWDA") and the employer notice of the Labor Code sections alleged to have been violated, and after receiving notice from the LWDA of its intention not to investigate, or after 65 days have passed without notice from the LWDA.

32.    On March 26, 2019, prior to the filing of this complaint, Plaintiff gave written notice of the specified provisions alleged to have been violated, including the facts and theories to support the alleged violations, as required by Labor Code section 2699.3. This written notice was given via certified mail to Defendant(s), and to the LWDA by electronically filing the notice via the Department of Industrial Relations website, and was given a LWDA case number of LWDA-CM-679384-19. A true and correct copy of Plaintiff's notice to the LWDA and Defendant(s), dated March 26, 2019, is attached hereto as Exhibit A.

Under Labor Code section 2699.3, subdivision (a)(2)(C), "Notwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part." Therefore, Plaintiff intends to amend his/her complaint upon the expiration of the 65-day period for the LWDA to provide notice of its intent to investigate Plaintiff's claims, if the LWDA fails to provide notice.

/ / /

026

# FIRST CAUSE OF ACTION

### Failure to Pay All Wages

### (Labor Code §§ 204, 510, 1182.12, 1194, 1194.2, 1197)

(By Plaintiff against All Defendants)

33.     Plaintiff realleges and incorporates by reference all preceding paragraphs herein as if fully alleged herein.

34.     Labor Code section 1182.12 provides that on and after July 1, 2014, the minimum wage for all industries shall not be less than nine dollars ($9.00) per hour, and on and after January 1, 2016, the minimum wage for all industries shall not be less than ten ($10.00) per hour. For employers who employed 26 or more people from January 1, 2017 to December 31, 2017, the minimum wage rate in California was ten dollars and fifty cents ($10.50) per hour. From January 18, 2018 to December 31, 2018, the minimum wage rate in California was eleven dollars ($11.00) per hour. Plaintiff is informed and believes Defendants employ more than 26 employees.

35.     Notwithstanding any other provision of the Labor Code, hourly minimum wage rates are set for all industries according to statute. (Lab. Code § 1182.12). Employers must pay employees no less than minimum wage for each hour worked. (Lab. Code §§ 1194, 1197).

36.     In any action to recover payment of wages less than the minimum wage an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. (Lab. Code § 1194.2).

37.     Any work in excess of eight hours in any workday and any work in excess of 40 hours in a workweek shall be compensated at a rate of no less than one and one-half times the regular rate of pay for an employee. (Lab. Code § 510, subd. (a)). Any work in excess of 12 hours in a workday shall be compensated at the rate of twice the regular rate of pay for an employee. (Lab. Code § 510, subd. (a)).

38.     When an employee works for more than one hourly rate of pay and overtime in the same work week, the employer must use the weighted average method to calculate the regular rate of pay for purposes of paying overtime. (Lab. Code § 510; DLSE enforcement policies).

39.     Any employee receiving less than the legal minimum wage or legal overtime

compensation is entitled to recover in a civil action the amount of unpaid wages, attorneys' fees and costs of suit.  (Lab. Code § 1194(a)).

40.    All wages earned in employment are due and payable twice during each calendar month on dates designated in advance by the employer.  (Lab. Code § 204).

41.    Plaintiff and Plaintiff Class regularly worked over eight (8) hours per day and/or forty (40) hours per week.  Defendants failed to pay Plaintiff and Plaintiff Class all minimum wage, overtime premiums and/or double-time premiums for all hours worked in excess of over eight (8) hours per day and/or forty (40) hours per week for work performed for Defendants. Plaintiff and Plaintiff Class were not paid all wages earned, including for work performed off-the-clock. Pursuant to Labor Code sections 510, 1182.12, and 1194, the Plaintiff Class seeks the payment of all minimum wage, overtime and/or double-time compensation earned and accrued beginning four (4) years prior to filing this complaint, according to proof.

42.    Additionally, Plaintiff and Plaintiff Class are entitled to liquidated damages, attorneys' fees, costs, pursuant to California Labor Code sections 218.5 and 1194, and prejudgment interest.

## SECOND CAUSE OF ACTION

### Failure to Provide Meal Periods or Compensation in Lieu Thereof

### (Labor Code §§ 226.7, 512)

(By Plaintiff against All Defendants)

43.    Plaintiff realleges and incorporates by reference all preceding paragraphs herein as if fully alleged herein.

44.    Labor Code sections 226.7 and 512 provide that no employer shall employ any person for a work period of more than five (5) hours without providing a meal period uninterrupted by work duties of not less than thirty (30) minutes or employ any person for a work period of more than ten (10) hours without a second (2nd) meal period of not less than thirty (30) minutes.

45.    Labor Code section 226.7 provides that if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one

-11-

(1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided in accordance with this section. Plaintiff alleges Defendants failed to provide legally compliant meal periods in addition to impeding, discouraging, and/or dissuading employees from taking an off-duty, 30-minute meal period within the first five hours of their shifts and Defendants did not provide a second meal period when Plaintiff and Class Members worked in excess of ten hours of their shifts, thereby preventing employees from taking legally compliant meal periods.

46.     At all times relevant hereto, Plaintiff and Plaintiff Class have worked shifts of more than five (5) hours in a workday.

47.     Pursuant to Labor Code section 226.7, Plaintiff and Plaintiff Class are entitled to damages in the amount equal to one (1) hour of wages at their regular rate of pay for each missed meal break, in an amount to be proven at trial.

48.     At varying times relevant hereto, Plaintiff and Plaintiff Class have worked shifts more than ten (10) hours in a workday.

49.     Plaintiff individually, and on behalf of the Plaintiff Class, requests recovery of meal period premium compensation pursuant to Labor Code section 226.7 which they are owed beginning four (4) years prior to filing this complaint as well as the assessment of any statutory penalties against the Defendants, and each of them, in a sum as provided by the Labor Code and/or other statutes. Pursuant to Labor Code section 218.5, Code of Civil Procedure section 1021.5 and any other provision of law, Plaintiff requests the court award reasonable attorney's fees and costs incurred by them in this action.

## THIRD CAUSE OF ACTION

### Failure to Provide Rest Periods or Compensation in Lieu Thereof

### (Labor Code § 226.7)

(By Plaintiff against All Defendants)

50.     Plaintiff realleges and incorporates by reference all preceding paragraphs herein as if fully alleged herein.

51.     Labor Code section 226.7 provides that employers authorize and permit all

CLASS ACTION COMPLAINT

1    employees to take rest periods at the rate of ten (10) minutes rest time per four (4) work hours, or
2    major fraction thereof.

3        52.    Labor Code section 226.7, subdivision (b) provides that if an employer fails to
4    provide an employee rest periods in accordance with this section, the employer shall pay the
5    employee one (1) hour of pay at the employees' regular rate of compensation for each workday
6    that the rest period is not provided.  Plaintiff and Plaintiff Class consistently worked over four (4)
7    hours per shift with no rest breaks, due to Defendants' uniform practices.

8        53.    Defendants failed to reasonably make available rest breaks to Plaintiff and Plaintiff
9    Class throughout the Class Period.

10       54.    Plaintiff and Plaintiff Class are entitled to damages in an amount equal to one (1)
11   hour of wages per missed rest break, in a sum to be proven at trial. Pursuant to Labor Code section
12   218.5, Code of Civil Procedure section 1021.5, and any other provision of law, Plaintiff requests
13   the court award reasonable attorney's fees and costs incurred by them in this action.

14                        **FOURTH CAUSE OF ACTION**
15           **Failure to Pay Wages of Terminated or Resigned Employees**
16                        **(Labor Code §§ 201, 202, 203)**
17                       (By Plaintiff against All Defendants)

18       55.    Plaintiff realleges and incorporates by reference all preceding paragraphs herein
19   as if fully alleged herein.

20       56.    Plaintiff is informed and believes, and thereon alleges, that as part of Defendant's
21   ongoing unfair business practices, Defendants failed to pay all employees all wages earned during
22   their employment at the time of their separation in violation of Labor Code sections 200 and 201.

23       57.    Labor Code section 201 provides that an employer is required to pay an employee
24   whose employment is terminated by the employer all wages earned and unpaid immediately upon
25   termination.

26       58.    Labor Code section 202 requires an employer pay to an employee who quits his or
27   her employment, all wages earned and unpaid no later than 72 hours thereafter.

28       59.    Labor Code section 203 provides that an employer who fails to pay all wages

CLASS ACTION COMPLAINT

1   earned and due an employee who is discharged or who quits within the timeframe set forth in

2   sections 201 and 202, the wages of the employee shall continue as a penalty from the due date at

3   the same rate of pay until paid, but not more than 30 days. In other words, the employer owes the

4   employee his or her daily rate of pay at their regular rate of pay for each day the full amount of

5   unpaid wages are not paid during employment, for a penalty of up to 30 days' wages.

6        60.    Throughout their employment, Defendant failed to pay to Plaintiff and the Plaintiff

7   Class all wages earned as set forth herein. Defendant further failed to pay these sums to Plaintiff

8   and the Plaintiff Class at the time their employment with Defendants ended and beyond 30 days

9   thereafter.

10        61.    Plaintiff and members of the Plaintiff Class who separated their employment with

11   Defendants within four (4) years of the filing of the original complaint until the date of entry of

12   judgment, without being paid proper compensation are entitled to thirty (30) days of pay at their

13   regular rate of pay as waiting time penalties.

## FIFTH CAUSE OF ACTION

### Failure to Issue Itemized Wage Statements and Maintain Records

### (Labor Code §§ 226, 1174)

(By Plaintiff against All Defendants)

18        62.    Plaintiff realleges and incorporates by reference all preceding paragraphs herein

19   as if fully alleged herein.

20        63.    Labor Code sections 226, 1174, 1174.5 and the applicable IWC Wage Orders

21   provide that employers must keep records and provide employees with itemized wage statements

22   showing all hours worked and each applicable rate of pay in effect during the pay period with the

23   corresponding number of hours worked at each hourly rate.

24        64.    Labor Code section 1174, subdivision (d), requires an employer to keep at a central

25   location in California or at the plant or establishment at which the employees are employed,

26   payroll records showing the hours worked daily, and the wages paid to, each employee.  Labor

27   Code section 226, subdivision (a), requires an employer to provide employees—either as a

28   detachable part of the check, draft, or voucher paying the employee's wages, or separately when

wages are paid by personal check or cash—an accurate itemized wage statement in writing including specified information, including but not limited to: (1) gross wages earned; (2) total hours worked by the employee...(5) net wages earned...(8) the name and address of the legal entity that is the employer...and (9) all applicable hourly rates of pay and corresponding number of hours.  Labor Code section 226, subdivision (e), provides that if an employer knowingly and intentionally fails to provide a statement itemizing, inter alia, the gross and net wages earned, the total hours worked by the employee and the applicable hourly overtime rates, causing the employee injury, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial violation and one hundred dollars ($100.00) for each subsequent violation, up to four thousand dollars ($4,000.00).  Plaintiff is informed and believes that Defendants willfully failed to make or keep accurate records for Plaintiff and Plaintiff Class.

65.    The IWC Wage Orders require that every employer shall keep accurate information with respect to each employee, including time records showing when each employee begins and ends each work period, the total daily hours worked by each employee and the total hours worked in each payroll period, and applicable rates of pay. Plaintiff is informed and believes that Defendants willfully and intentionally failed to make and/or keep records which accurately reflect the hours worked by Plaintiff and Plaintiff Class. Specifically, Plaintiff believes that Defendants did not maintain records for Plaintiff and Plaintiff Class reflecting all of their time worked and applicable rate(s) of pay.

66.    An employee is deemed to suffer injury if the employer fails to provide a wage statement containing all of the required information set forth in Labor Code section 226, subdivision (a). (Lab. Code § 226, subd. (e)(2)). In addition, the omission of time worked, proper rates of pay, records of missed meal periods and rest breaks and/or premium pay make it difficult for employees to determine whether they were paid all wages due without complicated calculations and/or reconstruction of records required to be maintained by the employer.

67.    For each employee suffering an injury as a result of Defendant's knowing and intentional failure to provide an accurate, itemized wage statement, the employee is entitled to recover the greater of actual damages or fifty dollars ($50.00) for the initial pay period in which

1   a violation occurs and one hundred dollars ($100.00) per employee for each violation in a

2   subsequent pay period.

3       68.    Plaintiff is informed and believes that Defendants' failure to keep accurate payroll

4   records, as described above, violated Labor Code sections 1174, subdivision (d) and section 226,

5   subdivision (a), and the applicable Wage Order. Plaintiff intends to seek penalties under Labor

6   Code section 2699, subdivision (f)(2). Plaintiff and the Plaintiff Class are entitled to penalties of

7   one hundred dollars ($100.00) for the initial violation and two hundred dollars ($200.00) for each

8   subsequent violation for every pay period during which these records and information were not

9   kept by Defendant.

10       69.    Plaintiff is informed and believes that Defendant's failure to keep and maintain

11   accurate records and information and provide to Plaintiff and Class Members accurate itemized

12   wage statements containing all of the information mandated by the Labor Code, as described

13   above, was knowing and intentional, and Plaintiff and the Plaintiff Class are entitled to statutory

14   penalties for each pay period in which a violation occurred.  Plaintiff further seeks recovery of

15   attorneys' fees and costs pursuant to Labor Code section 226, subdivision (e), and as otherwise

16   permitted by law.

17       .    **SIXTH CAUSE OF ACTION**

18   **Indemnification for Expenditures or Losses in Discharge of Duties**

19   **(Labor Code § 2802)**

20   (By Plaintiff against All Defendants)

21       70.    Plaintiff realleges and incorporates by reference all preceding paragraphs herein

22   as if fully alleged herein.

23       71.    Defendant failed to indemnify Plaintiff and Plaintiff Class for all necessary

24   expenditures or losses incurred by Plaintiff and Plaintiff Class in direct consequence of the

25   discharge of their duties. Specifically, Defendant failed to indemnify Plaintiff and Plaintiff Class

26   for expenditures they incurred on their behalf, including without limitation, the cost and

27   maintenance of their employer mandated uniforms, and a reasonable percentage of their cellular

28   phone bills, in direct consequence of the discharge of their duties to Defendants.

72.     Defendants have not reimbursed Plaintiff and Plaintiff Class for all expenditures. Plaintiff and Plaintiff Class are therefore entitled to be paid damages, attorney's fees, costs, interest pursuant to Labor Code section 2802, subdivisions (b) and (c), as well as all statutory penalties, against Defendants in accordance with California Labor Code section 2802, subdivision (d).

## SEVENTH CAUSE OF ACTION

### Unfair/Unlawful Business Practices

### (Business and Professions Code §§ 17200 *et seq.*)

(By Plaintiff against All Defendants)

73.     Plaintiff realleges and incorporates by reference all preceding paragraphs herein as if fully alleged herein.

74.     Plaintiff brings this claim individually and on behalf of Class Members.

75.     Business & Professions Code section 17200 (hereinafter referred to as the "UCL") prohibits unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

76.     California Business and Professions Code section 17204 allows "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action for violation of the UCL.

77.     Labor Code section 90.5, subdivision (a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

78.     Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this lawsuit, Defendants have committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair, and fraudulent business practices and acts described in this complaint, including but not limited to violations of Labor Code sections 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1174.5, 1182.12, 1194,

-17-

034

1194.2, 1197, 2800 and 2802, as well as other statutes.

79.   The violations of these laws and regulations, as well as of the fundamental California public policies protecting workers, serve as unlawful predicate acts and practices for purposes of Business and Professions Code sections 17200 *et seq.*

80.   As a result of these actions, Plaintiff, on information and belief, alleges that Defendants are able to unfairly compete with other comparable companies in the State of California in violation of Business & Professions Code sections 17000 *et. seq.* Due to these unlawful, unfair and/or fraudulent business practices, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California.

81.   The victims of these unlawful, unfair and/or fraudulent business practices include, but are not limited to, Plaintiff, putative class members, competing hotel and resort operators in the State of California, and the general public.  Plaintiff is informed and believes, and thereon alleges that Defendants performed the above-mentioned acts with the intent of gaining an unfair competitive advantage and thereby injuring Plaintiff, putative class members, other competitors and the general public.

82.   Plaintiff's success in this action will enforce important rights affecting the public interest and public policy. In this regard, Plaintiff sues on behalf of the public as well as on behalf of himself.

83.   Business and Professions Code section 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.  Injunctive relief is necessary and appropriate to prevent Defendants from repeating their unlawful, unfair, and fraudulent business acts and business practices alleged above.

84.   Business and Professions Code section 17203 provides that the Court may restore to any person in interest any money or property that may have been acquired by means of such unfair competition. Plaintiff and the Plaintiff Class are entitled to restitution pursuant to Business and Professions Code section 17203 for wages and payments unlawfully withheld from employees, including the fair value of the meal and rest periods and other losses alleged herein,

CLASS ACTION COMPLAINT

035

during the four-year period prior to the filing of this complaint. All remedies are cumulative pursuant to Business & Professions Code section 17205.

85. Business and Professions Code section 17202 provides, "Notwithstanding Section 3369 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition." Plaintiff and Plaintiff Class are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code section 17202.

86. Plaintiff requests injunctive relief pursuant to Business & Professions Code section 17203 to enjoin Defendants from continuing the unfair/unlawful business practices alleged herein.

87. Plaintiff herein takes upon enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action. The action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing Plaintiff to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure section 1021.5 and otherwise.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. That the Court determine that this action may be maintained as a class action under Code of Civil Procedure section 382;

2. The Court appoint Plaintiff as Class Representative;

3. The Court appoint Mahoney Law Group, APC as class counsel;

4. For compensatory and statutory damages;

5. For restitution of all monies due to Plaintiff and Plaintiff Class from the unlawful/unfair business practices of Defendants;

6. For injunctive relief;

7. For statutory and civil penalties according to proof;

8. For reasonable attorneys' fees and costs pursuant to Labor Code sections 226, subdivision (e), 218.5, 1194 and 2802, Code of Civil Procedure section 1021.5

CLASS ACTION COMPLAINT

and/or other applicable law; and

9.   That the Court award such other and further relief as this Court may deem
appropriate.

Dated: April 24, 2019

**MAHONEY LAW GROUP, APC**

By:   _____
Katherine J. Odenbreit, Esq.
Alexander Perez, Esq.
Attorney for Plaintiff LORENZO RIVERA

-20-

**CLASS ACTION COMPLAINT**

## JURY TRIAL DEMAND

Plaintiff LORENZO RIVERA herby demands a jury trial on all issues so triable.

Dated:  April 24, 2019

**MAHONEY LAW GROUP, APC**

By: _____
Katherine J. Odenbreit, Esq.
Alexander Perez, Esq.
Attorneys for Plaintiff LORENZO RIVERA

-21-

038

# EXHIBIT A



**MAHONEY**
LAW GROUP, APC

Alexander Perez, Esq.
562.590.5550 phone
562.590.8400 facsimile
aperez@mahoney-law.net

March 26, 2019

**VIA ELECTRONIC FILING**
LABOR AND WORKFORCE DEVELOPMENT AGENCY
Attn: PAGA Administrator
https://dir.tfaforms.net/128

**VIA CERTIFIED MAIL** #7017 2620 0001 1246 1974
*Return Receipt Requested*
Marriott International, Inc.
10400 Fernwood Road
Bethesda, MD 20817

*Re:*   *Lorenzo Rivera v. Marriott International, Inc.*

### NOTICE OF LABOR CODE VIOLATIONS PURSUANT TO
### LABOR CODE SECTION § 2698 *et seq.*

To:   California Labor and Workforce Development Agency and Marriott International, Inc.

From:  Lorenzo Rivera on behalf of himself and aggrieved employees who were subject to the employer's wage and hour policies as set forth below.

#### Factual Statement

Please note that this firm, Mahoney Law Group, APC, represents the interests of Mr. Lorenzo Rivera (hereinafter "Plaintiff" or "Mr. Rivera") as a representative for all other aggrieved employees, who intends to file a complaint alleging various Labor Code violations and seeking civil penalties under the Private Attorneys General Act of 2004, Labor Code section 2698, *et seq.* ("PAGA").

#### Theories of Labor Code Violations and Remedies

Marriott International, Inc. (hereinafter referred to as "Marriott" or "Defendant") operates over 400 hotels and resorts throughout California. Mr. Rivera was employed by Defendant as a dishwasher within the past year. Mr. Rivera alleges Defendant violated various sections of the Labor Code, including §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 558, 1174, 1174.5, 1194, 1197,

LABOR AND WORKFORCE DEVELOPMENT AGENCY
March 26, 2019
Page 2 of 4

1197.1, 2800 and 2802, by failing to provide Mr. Rivera and all other aggrieved employees all wages for all hours worked including, but not limited to, minimum and overtime wages, meal period and rest period premium pay, and business expense reimbursements.

Defendant failed to pay Mr. Rivera and other aggrieved employees for all hours worked at the legally mandated wage rates for all hours worked. Specifically, Defendant failed to pay Mr. Rivera and other aggrieved employees the legally mandated minimum wage and overtime wages for all work performed in violation of California law, due to Defendant's practice of requiring Mr. Rivera and other aggrieved employees to put on their uniforms at the work location before clocking in for work, and take off their uniforms at the work location after clocking out for work. Defendant's conduct is in violation of Labor Code sections 510, 558, 1194, 1197, and 1197.1, and is actionable under PAGA.

Further, Defendant allocated additional pay in the form of a shift differential to employees who worked certain shifts. This shift differential is required to be included in the calculation of the regular rate of pay for purposes of paying overtime wages. (Labor Code §510). Further, when an employee works for more than one hourly rate of pay and overtime in the same workweek, the regular rate of pay is calculated by the weighted average method. (Labor Code §510, DLSE's enforcement policy). Defendant failed to calculate overtime pay in this matter resulting in unpaid overtime wages for Mr. Rivera and aggrieved employees.

Defendant also failed to provide Mr. Rivera and other aggrieved employees with off-duty 30-minute meal periods. Defendant maintained a practice of requiring Mr. Rivera and other aggrieved employees to remain on the premises during their meal periods, thus failing to relieve them of all duties and provide meal periods in compliance with California law. Further, Mr. Rivera and other aggrieved employees regularly had their meal periods cut short and/or were forced to forego their meal periods altogether, due to Defendant's practice of failing to provide adequate coverage by understaffing its facilities and at the instruction of Defendant. Additionally, Mr. Rivera and other aggrieved employees were not authorized to take a second 30-minute meal period when they worked shifts of 10 hours or more, due to the same practices which prevented Mr. Rivera and other aggrieved employees from receiving compliant first meal periods. Even though Mr. Rivera and other aggrieved employees were prevented from taking off-duty, uninterrupted meal periods, Defendant failed to provide them with premium pay for every interrupted and/or on-duty meal period. Defendant's conduct is in violation of Labor Code sections 226.7 and 512, and is also actionable under PAGA.

Defendant further failed to permit Mr. Rivera and other aggrieved employees to take 10-minute, uninterrupted rest breaks, due to Defendant's practices of failing to provide adequate coverage by understaffing its facilities, and actively discouraging Mr. Rivera and other aggrieved employees from taking rest breaks. Even though Mr. Rivera and other aggrieved employees were prevented from taking 10-minute, uninterrupted rest breaks, Defendant failed to provide them with premium pay for every missed rest period. Defendant's conduct is in violation of Labor Code section 226.7, and is actionable under PAGA.

LABOR AND WORKFORCE DEVELOPMENT AGENCY
March 26, 2019
Page 3 of 4

Additionally, due to Defendant's practice of requiring Mr. Rivera and other aggrieved employees to perform work off-the-clock, work through meal periods and failure to properly calculate the regular rate of pay for overtime wages Defendant failed to maintain accurate payroll records showing the hours worked by and proper wages paid to Mr. Rivera and other aggrieved employees, and failed to provide them with accurate, itemized wage statements. Defendant's conduct is in violation of Labor Code sections 226, 1174 and 1174.5 and is also actionable under PAGA.

Further, as a result of Defendant's failure to pay all wages owed as described herein, Defendant violated Labor Code sections 201, 202, 203, and 204 due to its uniform policy, practice and procedure of failing to timely pay all of the above-mentioned wages earned during and after aggrieved employees' employment with Defendant.

Defendant also failed to reimburse Mr. Rivera and other aggrieved employees for necessary business expenses incurred in the course of performing their job duties. Specifically, Defendant required Mr. Rivera and other aggrieved employees to use their personal cellular phones to communicate with Defendant's supervisors, but failed to reimburse them for a reasonable percentage of their cellular phone bills. Defendant also required Mr. Rivera and other aggrieved employees to wear uniforms, including shirts and hats bearing Defendant's logo, and matching pants, but failed to reimburse them for the costs of maintaining the uniforms, including but not limited to, cleaning and maintenance costs. Defendant's failure to reimburse Mr. Rivera and other aggrieved employees for these business-related expenditures is in violation of Labor Code sections 2800 and 2802.

## RIGHT TO CURE/DEMAND

NOTICE is hereby given to Defendant that the employer may cure the alleged violations within 33 calendar days of the postmark date of this notice. If the Defendant cures the violations, the employer shall give written notice within the 33 calendar days indicated above by certified mail to Claimant's attorney and by online filing with the agency as set forth in Labor Code section 2699.3(c)(2). In order to cure these violations, the following demands are made:

1. Employer agrees to pay to Claimant and to all other non-exempt employees who worked for Employer in California within the past 12 months minimum wage, overtime pay earned but not paid and overtime pay utilizing the proper regular rate calculation and liquidated damages for each how actually worked but for which Defendant did not pay, including but not limited to, time worked off-the-clock, and time worked during meal breaks.

2. Defendant shall agree to pay Claimant and each aggrieved employee one (1) hour of pay for every shift in which he or she missed or otherwise did not take a compliant meal break. Defendant shall agree to pay Claimant and each aggrieved employee one (1) hour of pay for every shift in which he or she missed or otherwise did not take a compliant rest break.

LABOR AND WORKFORCE DEVELOPMENT AGENCY
March 26, 2019
Page 4 of 4

3.     Defendant shall agree to reimburse Claimant and aggrieved employees who were required to incur any business expenses for the benefit of Employer, including but not limited to, reimbursement for uniform purchases, a reasonable amount to compensate employees for cleaning and maintenance of uniforms and a reasonable portion of each aggrieved employees' cellular phone charges per month.

4.     Defendant shall pay to Mr. Rivera and each formerly employed aggrieved employee a waiting time penalty of one day's pay at the employee's regularly rate of pay for up to thirty (30) days for Employer's failure to pay all wages earned and due upon separation of employment.

5.     Defendant shall agree to pay accrued interest to Claimant and all aggrieved employees at the rate of ten percent (10%) per annum for said unpaid wages.

6.     Defendant shall re-issue corrected itemized wage statements to Claimant and all aggrieved employees for the 12-month period prior to the date of this notice.

If Defendant wants clarification of any of the alleged violations or facts and theories upon which they are based at this time, Employer is invited to contact Mr. Rivera's counsel. Otherwise, Mr. Rivera will presume Defendant fully understands the allegations contained herein.

Mr. Rivera will bring his lawsuit on behalf of himself and all other aggrieved employees who were employed by Defendant. Please advise if the LWDA has any objection to my client including PAGA claims in his complaint. We look forward to your response, and please feel free to contact our office if you have any questions, comments or concerns.

Sincerely,

Alexander Perez, Esq.
**MAHONEY LAW GROUP, APC**

| SHORT TITLE: Rivera v. Marriott International, Inc. | CASE NUMBER **19STCV14330** |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| SHORT TITLE: Rivera v. Marriott International, Inc. | CASE NUMBER |
|---|---|
| | . |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE. Rivera v. Marriott International, Inc. | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Rivera v. Marriott International, Inc. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: |
|---|---|

| CITY: | STATE | ZIP CODE: |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: __April 24, 2019__

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Katherine J. Odenbreit, Esq. (SBN: 184619) /Alexander Perez, Esq. (SBN: 304675)
MAHONEY LAW GROUP, APC
249 E. Ocean Blvd., Ste. 814
Long Beach, CA 90802

TELEPHONE NO.: (562) 590-5550    FAX NO.: (562) 590-8400
ATTORNEY FOR (Name): Plaintiff Lorenzo Rivera

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90802
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Rivera v. Marriott International, Inc.

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

APR 2 4 2019

Sherri R. Carter, Executive Officer/Clerk of Court

By: Steven Drew, Deputy

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **19STCV14330** |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is  [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

   a. [ ] Large number of separately represented parties     d. [✓] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence     f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): 9
5. This case [✓] is  [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 24, 2019

Alex Perez, Esq.
_____
(TYPE OR PRINT NAME)                                    ▶    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

048

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Kevin Mahoney (SBN:235367)/Alexander Perez (SBN: 304675)<br>MAHONEY LAW GROUP<br>249 E. Ocean Blvd., Suite 814<br>Long Beach, CA 90802<br>TELEPHONE NO.: (562) 590-5550    FAX NO. *(Optional):* (562) 590-8400<br>E–MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff; Lorenzo Rivera | FOR COURT USE ONLY<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>MAY 1 5 2019<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____ , Deputy<br>Steven Drew |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

| | |
|---|---|
| PLAINTIFF/PETITIONER: Lorenzo Rivera | CASE NUMBER:<br>19STCV14330 |
| DEFENDANT/RESPONDENT: Marriott International, Inc. | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Dept. 7 (Spring Street) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. [✓] summons

   b. [✓] complaint

   c. [✓] Alternative Dispute Resolution (ADR) package

   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*

   e. [ ] cross-complaint

   f. [✓] other *(specify documents):*  Notice of Deposit of Jury Fees, Notice of Case Assignment, Stip. Package

3. a. Party served *(specify name of party as shown on documents served):*

   Marriott International, Inc.

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

   Albert D. for CT Corporation-Agent for Service

4. Address where the party was served:

   818 W. 7th Street, Suite 930, Los Angeles, CA 90017

5. I served the party *(check proper box)*

   a. [✓] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* 5/9/19    (2) at *(time):*  1:12pm

   b. [ ] **by substituted service.** On *(date):*              at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.

   (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*        from *(city):*           **or** [ ] a declaration of mailing is attached.

   (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

050

| PLAINTIFF/PETITIONER: Lorenzo Rivera | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Marriott International, Inc. | 19STCV14330 |

5.  c. ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1)  on *(date):*          (2)  from *(city):*

(3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me.  *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

(4)  ☐  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

d. ☐  **by other means** *(specify means of service and authorizing code section):*

☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
a. ☐  as an individual defendant.
b. ☐  as the person sued under the fictitious name of *(specify):*
c. ☐  as occupant.
d. ☑  On behalf of *(specify):*  Marriott International, Inc.
under the following Code of Civil Procedure section:

☑ 416.10 (corporation)                  ☐ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)          ☐ 416.60 (minor)
☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
☐ 416.50 (public entity)                ☐ 415.46 (occupant)
                                        ☐ other:

7.  **Person who served papers**
a.  Name:  William Shane
b.  Address: 1891 N. Gaffey Street, Suite 226, San Pedro, CA 90731
c.  Telephone number: (213) 596-2903
d.  **The fee** for service was: $ 65.00
e.  I am:

(1) ☑  not a registered California process server.
(2) ☐  exempt from registration under Business and Professions Code section 22350(b).
(3) ☐  a registered California process server:
(i) ☐  owner  ☐  employee  ☐  independent contractor.
(ii)  Registration No.:
(iii)  County:

8.  ☑  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 5/9/19

William Shane
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                    ▶

_____
(SIGNATURE )