**O**

# United States District Court
# Central District of California

| | |
|---|---|
| LORENZO RIVERA, | Case No. 2:19-cv-05050-ODW(KSx) |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT OR IN THE ALTERNATIVE, STRIKE CLASS ALLEGATIONS [25]** |
| MARRIOTT INTERNATIONAL, INC. et al. | |
| Defendants. | |

## I.   INTRODUCTION

On April 24, 2019, Plaintiff Lorenzo Rivera ("Rivera") filed this putative class action in Los Angeles Superior Court against Marriot International, Inc. ("MII") and other Doe Defendants.  (Notice of Removal ("Removal") Ex. A ("Compl."), ECF No. 1-1.)  On June 10, 2019, MII removed the action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").  (Removal 1, ECF No. 1.)  Rivera filed an amended Complaint on December 16, 2019.  (First Am. Compl. for Damages ("FAC"), ECF No. 24.)  MII now moves to dismiss or, in the alternative, strike Rivera's class allegations.  (Mot. to Dismiss or Strike Class Allegations ("Mot."), ECF No. 25.)  For the reasons that follow, the Court **DENIES** MII's Motion.[1]

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II.   FACTUAL BACKGROUND

MII, a Delaware corporation with its principal office in Maryland, operates hotels and resorts throughout California.  (FAC ¶ 10.)  Rivera worked as a dishwasher at MII's Marina Del Rey hotel from approximately August 2017 to October 2018. (FAC ¶¶ 7–8.)

Rivera brings this class action on behalf of himself and the putative class he seeks to represent (collectively the "Class").  The Class consists of "all non-exempt employees, including, but not limited to, dishwashers, cooks, runners, bartenders, servers, cashiers, other food and beverage staff, housekeeping staff, front desk staff, maintenance staff, and guest service representatives currently and/or formerly employed by Defendant[s] . . . during the Class Period."  (FAC ¶ 1.)  Rivera alleges eight causes of action against Defendants: (1) Failure to Pay Wages; (2) Failure to Provide Meal Periods; (3) Failure to Authorize or Permit Rest Periods; (4) Failure to Pay Wages Due at Separation of Employment; (5) Failure to Provide Accurate Wage Statements and Failure to Issue and Maintain Records; (6) Failure to Indemnify for Expenditures or Losses in Discharge of Duties; (7) Unfair Business Practices; and (8) Penalties Under the Private Attorneys General Act.  (FAC ¶¶ 2, 38–107.)

## III.   LEGAL STANDARD

### A. Motion to Dismiss

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  "To survive a motion to dismiss . . . under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)"—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); *see also* Fed. R. Civ. P. 8(a)(2).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The "complaint must contain sufficient factual matter, accepted as true, to state a claim to

1    relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

2    (internal quotation marks omitted).  "A pleading that offers 'labels and conclusions' or

3    'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (citing

4    *Twombly*, 550 U.S. at 555).

5        Whether a complaint satisfies the plausibility standard is "a context-specific

6    task that requires the reviewing court to draw on its judicial experience and common

7    sense."  *Id.* at 679.  A court is generally limited to the pleadings and must construe

8    "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most

9    favorable to [the plaintiff]."  *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)

10   (internal quotation marks omitted).  But a court need not blindly accept conclusory

11   allegations, unwarranted deductions of fact, or unreasonable inferences.  *Sprewell v.*

12   *Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

13   **B. Motion to Strike**

14       Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from

15   a pleading an insufficient defense or any redundant, immaterial, impertinent, or

16   scandalous matter."  The decision whether to grant a motion to strike is made at the

17   court's discretion.  *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993),

18   *rev'd on other grounds*, 510 U.S. 517 (1994).  In using its discretion, the court must

19   view the pleadings in the light most favorable to the non-moving party.  *In re*

20   *2TheMart.com Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

21       Courts may grant a motion to strike "to avoid the expenditure of time and

22   money that must arise from litigating spurious issues by dispensing with those issues

23   prior to trial . . . ."  *Whitlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir.

24   2010) (quoting *Fantasy*, 984 F.2d at 1527).  Courts may also grant such a motion in

25   order to streamline the resolution of the action and focus the jury's attention on the

26   real issues in the case.  *See Fantasy*, 984 F.2d at 1528.  Yet, motions to strike are

27   generally disfavored due to the limited role that pleadings play in federal practice, and

28

1   because they are often used as a delaying tactic. *Cal. Dep't of Toxic Substances*
2   *Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

3                                **IV.    DISCUSSION**

4   **A. Rivera's Opposition**

5          As a preliminary matter, MII argues the Court should not consider Rivera's
6   Opposition because it was filed eight days late.  (*See* Reply in Support of Motion to
7   Dismiss ("Reply") 2–3, ECF No. 28.)  Rivera's counsel acknowledges this delay and
8   blames it on "clerical error" resulting in improper calendaring of the deadline.  (*See*
9   Declaration of Alex Perez in Support of Plaintiff's Opposition ¶ 8, ECF No. 27.)[2]

10         Rule 6(b)(1)(B) provides that the court may, for good cause, extend the time for
11  a party to act "if the party failed to act because of excusable neglect."  "[L]ike all the
12  Federal Rules of Civil Procedure, [Rule 6(b) is] to be liberally construed to effectuate
13  the general purpose of seeing that cases are tried on the merits."  *Ahanchian v. Xenon*
14  *Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (internal quotation marks
15  omitted).

16         Given the importance of the relief that MII is seeking—dismissal or striking of
17  Rivera's  class  allegations  without  leave  to  amend—and  Plaintiff's  counsel
18  explanation, the Court will consider the untimely Opposition.  MII does not argue that
19  it was prejudiced by the delay; indeed, it could have requested an extension of time to
20  file its Reply but did not.  Further, the delay did not significantly impact the
21  management of this case and there is no evidence of bad faith.  *See Pioneer Inv. Servs.*
22  *Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (discussing
23  circumstances to consider when evaluating excusable neglect, including "the danger

24  ─────────────────────
     [2] MII objects to counsel's explanation on two grounds.  First, MII argues that counsel failed to file a
25  motion to extend time under Rule 6(b)(1)(B).  (*See* Objections to the Decl. of Alex Perez ("MII
     Objections") 6–7, ECF No. 28-2.)  Second, MII argues that counsel's statement lacks foundation.
26  (*See id.* 7.)  MII's objections are **OVERRULED**.  Although counsel could have been clearer, the
     Court construes his apology and explanation for the delay as a motion for extension of time under
27  Rule 6(b).  Moreover, counsel did in fact assert personal knowledge of the clerical error, which the
     Court has no reason to second-guess given his status as an associate of his firm and attorney of
28  record filing the Opposition in question.  (*See* Perez Decl. ¶ 2.)

1   of prejudice," the length of the delay and impact on proceedings, "the reason for the

2   delay . . . and whether the movant acted in good faith"); *Briones v. Riviera Hotel &*

3   *Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (noting that the *Pioneer* analysis of

4   excusable neglect is applicable to requests under Rule 6(b)).

5          Nevertheless, exactly because of the importance of this Motion to Plaintiff's

6   case, the Court finds it troubling that counsel would neglect to file his Opposition for

7   over a week.  Plaintiff's counsel is on notice that the Court will not tolerate future

8   violations of its rules.

9   **B.  Application of Rule 8 and Rule 12(f) to Class Allegations**

10          MII moves to dismiss or strike Rivera's class allegations for failure to plead

11   with specificity.  (*See* Mot. 12, 16 n.5.)  MII argues that Rivera failed to adequately

12   plead commonality and typicality as part of his state-wide and location-wide class

13   allegations.  (*See* Mot. 12–15.)  Specifically, MII contends that Rivera must explain

14   the basis for his belief that the allegedly unlawful practices are uniform across MII's

15   hotels; demonstrate that he is similarly situated to his putative Class members; and

16   assert factual allegations identifying other hotels and explaining how each alleged

17   violation manifested at those locations.  (*See* Mot. 13–14.)  Rivera responds that he

18   has plausibly alleged that he is similarly situated to the putative Class he seeks to

19   represent and that MII's employment policies and practices were uniform across its

20   hotels.  (*See* Opp'n to Mot. ("Opp'n") 3, ECF No. 26.)

21          The Court rejects MII's arguments for several reasons.  First, although some

22   courts have granted motions to strike class allegations under Rule 12(f), "it is in fact

23   rare to do so in advance of a motion for class certification." *Cholakyan v. Mercedes-*

24   *Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011) (collecting cases).

25   Courts are hesitant to strike class allegations before the parties have had an

26   opportunity to develop the factual record and go through the class certification

27   process. *See, e.g.*, *Rennick v. NPAS Sols., LLC*, No. CV 19-02495-ODW (KSx), 2020

28   WL 244170, at *2 (C.D. Cal. Jan. 16, 2020) (citing cases).

1    Here, the Court has not issued a Scheduling Order and presumably, no
2    discovery has taken place.   Thus, the Court cannot conclude that there are no
3    circumstances under which the proposed Class could proceed.   *See In re Wal-mart*
4    *Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615–16 (N.D. Cal. 2007)
5    (declining to rule on defendant's motion to dismiss or strike class allegations at the
6    pleadings stage because, even though "plaintiffs' class definitions are suspicious and
7    may in fact be improper, plaintiffs should at least be given the opportunity to make the
8    case for certification based on appropriate discovery.")

9    Second, the Court is not persuaded by MII's Rule 8 argument.   MII argues that
10   at the pleading stage, "a plaintiff must include specific factual allegations that [Rule
11   23's] class action requirements are satisfied."   (Mot. 11 (citing several California
12   federal cases).)   According to MII, Rivera must also "allege facts that would plausibly
13   suggest that members of the putative class are subjected to the same offending
14   policies."   (*See* Mot. 12 (quoting *Mendez v. J.H. Heinz Co.*, No. CV 12-05652-GHK
15   (DTBx), 2012 WL 12888526, at *4 (C.D. Cal. Nov. 13, 2012)).)   Nevertheless, the
16   Ninth Circuit has yet to adopt MII's theory of class action pleading, and other courts
17   have expressly disagreed with its reasoning.   *See, e.g.*, *Morrelli v. Corizon Health,*
18   *Inc.*, No. CV 18-01395-LJO (SABx), 2019 WL 918210, at *13 (E.D. Cal. Feb. 25,
19   2019) ("The Rule 8 pleading standard has not been held to govern class certification
20   allegations made under Rule 23."); *Meyer v. Nat'l Tenant Network, Inc.*, 10 F. Supp.
21   3d 1096, 1104 (N.D. Cal. 2014) (citing cases in support of proposition that class
22   allegations "are more appropriately addressed through Rule 23 for procedural
23   reasons").

24   Here, the Court agrees with the reasoning of the *Morrelli* court.   There, the
25   court denied defendant's motion, finding it "inappropriate . . . to dismiss the class
26   allegations under either Rule 12(b)(6) or strike them under Rule 12(f)."   2019 WL
27   918210, at *13.   The court reasoned that "[b]ecause class actions are procedural
28   devices and not claims for relief under Rule 8, it is incongruent to impose a Rule 8

1   pleading standard to the elements of class certification such as commonality and

2   typicality." *Id.*   The court also distinguished some of the same cases that MII cites

3   here, finding that they address situations where the named plaintiffs' individual claims

4   did not meet the Rule 8 pleading standard.  *See id.* (citing *Ortiz v. Sodexho*

5   *Operations, LLC*, No. CV 10-04158-R (RCx), 2010 WL 11552888 (C.D. Cal. Aug.

6   12, 2010) & *Deleon v. Time Warner Cable LLC*, No. CV 09-02438-AG (RNBx), 2009

7   WL 9426145 (C.D. Cal. July 17, 2009)).  Unlike the defendants in *Ortiz* and *Deleon*,

8   MII does not argue that Rivera's individual allegations are insufficient to serve as the

9   backbone of his class claims.  Thus, at this stage in the litigation, the Court declines to

10  conclude that there are no circumstances under which the proposed Class could

11  proceed.

12  **C. Rivera's Second Amended Complaint[3]**

13         As to the class claims, Rivera asks the Court for leave to amend his FAC to add

14  more specific allegations that MII maintained common employment practices

15  throughout California as evidenced by its employee handbook.  (*See* Opp'n 6–7;

16  Proposed Second Amended Complaint ¶¶ 17–18, ECF No. 27.)  The Court agrees that

17  these new allegations would clarify Rivera's claims as to the uniformity of MII's

18  state-wide and location-wide employment practices and address MII's concerns of a

19  completely unwarranted fishing expedition.  *See Morrelli*, 2019 WL 918210, at *13–

20  14 (drawing a reasonable inference from plaintiff's class allegations that "the Rule 23

21  commonality and typicality requirements can be met, which is sufficient to ameliorate

22  concerns about potential discovery fishing expeditions").  Because the Court does not

23  find bad faith, undue delay, prejudice, or futility in Rivera's proposed amendments,

24  the Court **GRANTS** Rivera leave to file the proposed second amended complaint.  *See*

25
26  [3] MII objects to consideration of the proposed second amended complaint, arguing that, on a motion
    to dismiss, the Court must limit its inquiry to the complaint itself.  (*See* MII Objections 5–6 (citing
27  *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001)).)  Here, however,
    the Court is not looking to the proposed second amended complaint in determining the propriety of
28  dismissal.  The Court already determined that dismissal of the class allegations under Rule 8 is
    inappropriate.  For this reason, MII's objections are **OVERRULED**.

1     *Pepsi-Cola Metro. Bottling Co. v. Ins. Co. of N. Am., Inc.*, No. CV 10-02696-SVW

2     (MANx), 2010 WL 11549719, at *1 (C.D. Cal. Nov. 18, 2010); Fed. R. Civ. P.

3     15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

4                    **V.   CONCLUSION**

5         MII's arguments are more properly resolved on a motion for class certification

6     after the Parties have had an opportunity to develop a factual record.  Thus, the Court

7     **DENIES** MII's Motion to Dismiss.  (ECF No. 25.)  Rivera shall file and serve the

8     proposed second amended complaint within seven days from the date of this Order.

9

10         **IT IS SO ORDERED.**

11

12         April 23, 2020

13

14                          _____

15                      **OTIS D. WRIGHT, II**

                **UNITED STATES DISTRICT JUDGE**

16

17

18

19

20

21

22

23

24

25

26

27

28