O

# United States District Court
# Central District of California

| | |
|---|---|
| LORENZO RIVERA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARRIOTT INTERNATIONAL, INC. et al,<br><br>　　　　　Defendants. | Case № 2:19-cv-05050-ODW (KSx)<br><br>**ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT [76]** |

## I.　　INTRODUCTION

　　Plaintiff Lorenzo Rivera brings this action seeking relief for alleged violations of the California Labor Code and Business and Professions Code by Defendant Marriott Hotel Services, Inc. ("Marriott"). (Third Am. Compl. ("TAC"), ECF No. 43.) Although Rivera initially filed suit on behalf of a putative class, he now proceeds on an individual basis and representative basis pursuant to the Private Attorneys General Act ("PAGA"). (Decl. Janelle Carney Re: Dismissal Class Allegations ("Carney Decl.") ¶¶ 4–5, ECF No. 45; Order Re: Dismissal Class Allegations, ECF No. 47.) The parties reached a settlement, and Rivera now moves without opposition for preliminary approval of the parties' Class and PAGA Settlement Agreement. (Mot. Prelim. Approval Class Action Settlement ("Mot."), ECF No. 76-1; Decl. Janelle

Carney ISO Mot. Ex. 1 ("Class and PAGA Settlement Agreement"), ECF No. 76-2.) For the following reasons, the Court **DENIES** Rivera's Motion.[1]

## II.     BACKGROUND

On April 24, 2019, Rivera brought a putative class action against Defendant Marriott International, Inc. in Los Angeles Superior Court. (*See* Notice of Removal, Ex. A ("Compl."), ECF No. 1-1.) Rivera alleged that Marriott operates hotels and employed Rivera and the proposed class members. (*Id.* ¶¶ 7–9, 15, 22.) Rivera further alleged that Marriott failed to provide the proposed class members with various statutory benefits mandated by California's wage and hour laws. (*Id.* ¶¶ 14–20.) Rivera asserted seven causes of action: (1) Failure to Pay All Wages; (2) Failure to Provide Meal Periods or Compensation in Lieu Thereof; (3) Failure to Provide Rest Periods or Compensation in Lieu Thereof; (4) Failure to Pay Wages of Terminated or Resigned Employees; (5) Failure to Issue Itemized Wage Statements and Maintain Records; (6) Indemnification for Expenditures or Losses in Discharge of Duties; and (7) Unfair/Unlawful Business Practices. (*Id.* ¶¶ 33–87.)

On June 10, 2019, Marriott removed this action to federal court. (Notice of Removal.) Rivera moved to remand this action to state court, and the Court denied that motion. (Mot. Remand, ECF No. 12; Order Den. Mot. Remand, ECF No. 21.)

Rivera subsequently amended his complaint three times, correcting the named Defendant to Marriott Hotel Services, Inc. and adding an eighth cause of action for Violation of California Labor Code Private Attorney General Act ("PAGA"). (First Am. Compl., ECF No. 24; Second Am. Compl., ECF No. 31; TAC.) Among the amendments, Rivera also narrowed the scope of the class allegations to the hotel location at which Rivera worked. (*See generally* TAC.)

However, on October 5, 2021, Rivera's counsel submitted a declaration stating that Rivera "wishes to proceed on an individual basis and representative basis

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

pursuant to PAGA." (Carney Decl. ¶ 4.) In that same declaration, Rivera "request[ed] that the Court allow the dismissal of Plaintiff's proposed class allegations without prejudice." (*Id.* ¶ 5.) The Court granted that request on November 1, 2021, dismissing all class allegations in this case. (Order Re: Dismissal Class Allegations.)

After participating in mediation, the parties filed a Notice of Settlement on January 24, 2022. (Notice Settlement, ECF No. 66; Mot. 9–10.) On March 18, 2022, the parties stipulated to remanding this action to state court for the sole purpose of obtaining approval of the parties' settlement. (Stip. Remand, ECF No. 70.) The parties noted that, in the event that the state court denied settlement approval, they intended to again remove the action to this Court to continue litigating. (*Id.* at 1.) The Court denied that stipulation, indicating that the parties may either "stipulate to remand to state court with the intention of remaining there or, alternatively, . . . seek settlement approval in this Court." (Min. Order Den. Stip. 1–2, ECF No. 71.) Rivera now seeks preliminary approval of the parties' Class and PAGA Settlement Agreement. (Mot.)

### III.     ANALYSIS

Under Federal Rule of Civil Procedure ("Rule") 23(e), the claims of a proposed class "may be settled . . . only with the court's approval." Fed. R. Civ. P. 23(e). Where parties reach a settlement agreement prior to class certification, this approval process requires courts to "peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).

With his motion, Rivera asks the Court to conditionally certify a class and preliminarily approve the parties' Class and PAGA Settlement. (*See generally* Mot.; Notice of Pl.'s Mot. Prelim. Approval Class Action Settlement, ECF No. 76.) At the same time, Rivera acknowledges that, pursuant to his request, the Court previously dismissed all class allegations in this case. (Mot. 2.) Absent any class allegations, this Court cannot conditionally certify a class, nor can it preliminarily approve a class

action settlement. Because there are no class allegations at issue in this case, the Court must deny Rivera's Motion.

### IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Rivera's Motion for Preliminary Approval of Class Action and PAGA Settlement, (ECF No. 76), **WITHOUT PREJUDICE**. Within 45 days of the date of this Order, Rivera shall seek (1) approval for the settlement of the representative PAGA claims, or (2) leave to amend to reinstate the class allegations. Alternatively, the parties may again stipulate to remand this case to state court provided that they intend to remain in state court. (*See* Min. Order Den. Stip.)

**IT IS SO ORDERED.**

October 19, 2022

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**